IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 01-60124-HO |
| | ) | Civ. No. 05-6171-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ESTEVAN GOMIO RIVERA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant pleaded guilty to possession of cocain with intent to distribute and felon in possession of a firearm on July 1, 2002. The court sentenced defendant to 84 months on November 5, 2002.

On December 30, 2003, defendant filed a motion for writ of habeas corpus "ad subjiciendum" seeking release. The court construed the motion as one seeking relief under 28 U.S.C. § 2255 and granted defendant leave to file in a proper form. Defendant subsequently filed a motion pursuant to 28 U.S.C. § 2255 on February

6, 2003, asserting that the court lacked jurisdiction over crimes committed against the United States, that the court lacked subject matter, that the government violated the Bill of Rights by "illegally restraining the liberties of [defendant] under color of authority of the de facto United States," and that defendant did not willingly "enter into any contract as a surety for the ens legis on the judgment and probation/commitment order to be subjected to a state peonage." The court denied the motion as untimely and agreed with the government that the petition lacked merit.

On August 27, 2004, defendant filed a second motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255. The government successfully moved to dismiss pursuant to 28 U.S.C. § 2244(b)(3)(A) because defendant failed to obtain an order authorizing the district court to consider the application from the appropriate court of appeals.

Defendant made a third attempt at collaterally attacking his sentence which the court again denied. Defendant now seeks for the fourth time to attack his sentence pursuant to 28 U.S.C. § 2255. Defendant still has not obtained nor requested certification from the Ninth Circuit as required by 28 U.S.C. § 2244. Accordingly, the government's motion to dismiss the petition is granted.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss (#64) is granted and defendant's motion for relief pursuant to 28 U.S.C. § 2255 (#62) is denied. In addition, defendant's petition for judgment on the pleadings and immediate discharge (#65) is denied as moot and this proceeding is dismissed.

DATED this _22nd_ day of July, 2005.

/s/ Michael R. Hogg
United States District Judge